THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS THOMPSON, Appellant.—

When faced by a contradiction between the testimony of the People's fingerprint experts and the testimony of the defendant's fingerprint expert, as to whether a "latent" fingerprint discovered in the allegedly burglarized premises was, in fact, an impression made by the third finger of defendant's right hand, the court obtained the consent of the parties, including that of the defendant himself, to appoint an additional fingerprint expert to testify as the court's own witness. It was stipulated that both sides would concede the qualifications of the witness, that he would be interviewed by neither side prior to his testimony, and that the right of cross-examination would be reserved to the party adversely affected by his testimony. This procedure was clearly and emphatically explained by the court to the jury both before the witness testified and during the charge to the jury. Upon direct examination by the court the witness testified adversely to the defendant and was cross-examined. Thereafter, in his summation, the prosecutor described such witness as "disinterested". The jury, in a request for the whole of such witness's testimony, described him as "impartial". While we do not pass upon the power of the court to call an expert to testify as the court's witness, it is our opinion that, in this case, the presentation of such witness to the jury tended unfairly to give his testimony excessive weight,

as if it were propounded by the court itself, with the result of usurping the function of the jury (cf. *People* v. *Dickerson*, 164 Mich. 148). In the interests of justice a new trial should be had. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.